IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:05-cr-46-F |
| | ) | (WO) |
| JERRY SCOTT MINOR | ) | |

## **O R D E R**

On July 21, 2005, defendant filed a Motion to Continue (Doc. #25).  While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter.  18 U.S.C. §3161(c)(1).  *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).

The motion states that there is a superseding indictment in this case which adds an additional count.  The sentence for a violation of this count is not less than 30 years and not more than life.  On July 14, 2005, counsel for the defendant Jennifer Hart was compelled by circumstances to withdraw as counsel for the defendant due to an unforeseen conflict of

interest. On July 17, 2005, counsel was appointed as replacement counsel. In light of these facts, the government does not oppose a continuance of the August 1, 2005 trial date. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. See United States v. Davenport, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on July 21, 2005 is GRANTED;

2. That the trial of this defendant is continued from the August 1, 2005 trial term to the November 7, 2005 trial term.

3. That the Magistrate Judge conduct a pretrial conference prior to the November 7, 2005 trial term.

DONE this 26th day of July, 2005.

                                        /s/ Mark E. Fuller
                                        CHIEF UNITED STATES DISTRICT JUDGE