IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:05-CR-46-WKW |
| | ) | [WO] |
| JERRY SCOTT MINOR | ) | |

## **MEMORANDUM OPINION AND ORDER**

## **I. INTRODUCTION**

In February 2006, a jury convicted Defendant Jerry Scott Minor for manufacturing methamphetamine and for using a firearm and explosives in furtherance of that crime. (Doc. # 65.) He is serving a 555-month sentence on his federal convictions, with a projected release date of November 28, 2044. *See* Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 27, 2021). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Defendant is seeking an early release from federal prison based on his medical conditions that he contends make him particularly vulnerable to suffer severe illness from COVID-19. (Doc. # 110.) The Government filed a response in opposition to his motion (Doc. # 116) to which Defendant filed a reply (Doc. # 119). For the reasons to follow, the motion is due to be denied.

## II. DISCUSSION

"[C]ourts are generally forbidden from altering a sentence once it becomes final." *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021), *petition for cert. filed*, No. 20-1732 (U.S. June 15, 2021).  Exceptions to this general prohibition lie "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015).  One such statutory provision, which commonly is referred to as the "compassionate release" provision, is 18 U.S.C. § 3582(c)(1)(A). It offers courts a narrow reprieve to reduce a sentence:  As pertinent here, courts, on a defendant's motion, "may reduce the term of imprisonment" after considering all relevant factors in 18 U.S.C. § 3553(a), "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The policy statements that apply to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13.  *See* U.S.S.G. § 1B1.13.  Section 1B1.13 "governs all motions under Section 3582(c)(1)(A)," including those filed by inmates, and, therefore, "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Bryant*, 996 F.3d at 1262 (citing § 1B1.13).  A sentence reduction must be consistent with § 1B1.13's definition of "extraordinary and compelling reasons," which delineates four qualifying categories:  (A) a

2

defendant's medical condition, which includes a "serious physical or medical condition"; (B) a defendant's age; (C) a defendant's family circumstances; and (D) a catch-all provision for "other reasons . . . [a]s determined by the Director of the Bureau of Prisons." § 1B1.13, cmt. n.1(A)–(D).  The catch-all provision, as its text signifies, "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248; *see also id.* at 1262–65.  Hence, application notes 1(A), (B), and (C) to § 1B1.13 constrain district courts in determining whether a defendant has established extraordinary and compelling reasons justifying a sentence reduction.  In addition to mandating a determination that extraordinary and compelling reasons warrant a reduction, § 1B1.13 requires a judicial determination that "the defendant is not a danger to the safety of any other person or to the community." § 1B1.13(2).

In sum, § 3582(c)(1)(A), as relevant here, contains three preconditions:

[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are "extraordinary and compelling reasons" for doing so, and . . . as relevant here, (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement.

*United States v. Tinker*, 14 F.4th 1234, 2021 WL 4434621, at *2 (11th Cir. Sept. 28, 2021).  *Tinker* held that a district court can examine these three conditions in any order it chooses.  *Id.*  If even one of these conditions is rejected, then a defendant is not entitled to a sentence reduction.  *Id.*  The defendant bears the "burden to establish

that he qualifie[s] for compassionate release." *United States v. Smith*, 856 F. App'x 804, 806 (11th Cir. 2021) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

Based upon a thorough review of the record, Defendant has not met his burden of demonstrating extraordinary and compelling reasons for compassionate release or that the § 3553(a) factors warrant release.

## A.   <u>Extraordinary and compelling reasons</u>

Defendant argues that he has presented extraordinary and compelling reasons for his release because his medical conditions make him susceptible to severe illness should he contract COVID-19.  Those medical conditions include, among others, moderate-to-severe asthma, a history of smoking, degenerative disc disease, chronic pain in his neck and spine, and depression.  (Doc. # 110, at 14–38.)

Having moderate-to-severe asthma and being a former cigarette smoker are two conditions that the Centers for Disease Control and Prevention ("CDC") has recognized "can make [a person] more likely to get severely ill from COVID-19." *See* CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 27, 2021).  However, a serious medical condition, in order to rise to the level of extraordinary and compelling for purposes of obtaining a sentence reduction under § 3582(c)(1)(A)(i), must "substantially diminish[] the ability of the

defendant to provide self-care within the environment of a correctional facility" and be one "from which [the inmate] is not expected to recover." § 1B1.13 cmt. n.1(A).

Although Defendant's medical conditions are unfortunate, there is insufficient evidence demonstrating that his conditions rise to the level of decline required by § 1B1.13. Evidence is lacking that Defendant's ability to provide self-care within his penitentiary is substantially diminished, and the medical records confirm that Defendant is being treated for his conditions. (*See* Doc. # 116-1); *see United States v. Sanchez*, No. 2:17CR337-MHT, 2020 WL 3013515, at *1 (M.D. Ala. June 4, 2020) (denying an inmate's motion for compassionate release in part based on the absence of evidence "that the prison is unable to meet [the inmate's] medical needs" (citing 18 U.S.C. § 3553(a)(2)(D))). This treatment includes Defendant's full inoculation against COVID-19. (Doc. # 110-2, at 14.) Defendant's vaccinated status, although not dispositive, "would presumably weigh against a finding of extraordinary and compelling reasons." *United States v. Hald*, 8 F.4th 932, 939 n.5 (10th Cir. 2021) ("*[L]ike access to vaccination*, prior infection and recovery from COVID-19 would presumably weigh against a finding of extraordinary and compelling reasons." (citation omitted) (emphasis added)); *United States v. Hall*, No. 212CR00391, 2021 WL 2334241, at *2 (N.D. Ala. June 8, 2021) (finding that, because the defendant was "fully vaccinated against COVID-19," he could not "show that he face[d] extraordinary risk from COVID-19" or that he "[was] suffering

from any medical condition that substantially diminishe[d] his ability to care for himself in prison and from which he [was] not expected to recover").

Defendant understandably is concerned about the risks COVID-19 and any variants pose to him. Fortunately, on the COVID-19 front, there have been positive developments within the BOP. First, according to the BOP's website, currently, the facility where Defendant is incarcerated—Federal Correctional Institution Jesup ("FCI Jesup")—has no active COVID-19 cases among its inmates and staff. *See* BOP Covid-19 Cases, available at https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 27, 2021). This is a marked improvement. *See id.* Second, according to its website, the BOP has administered 237,257 doses of the COVID-19 vaccine to its staff and inmates. *See* BOP Covid-19 Vaccine Implementation, available at https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 27, 2021); BOP Statistics, https://www.bop.gov/about/statistics/ (reporting that the BOP has approximately 36,000 staff and 155,000 inmates) (last visited Oct. 27, 2021). Of these 237,257 doses, at FCI Jesup, 121 staff members and 1,050 inmates have received both doses of the COVID-19 vaccine and, thus, have been fully inoculated. *See* BOP Covid-19 Vaccine Implementation, available at https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 27, 2021). While the number of fully inoculated inmates exceeds the current 976 inmates housed at FCI Jesup, the ebb and flow of inmates in and out prison account for this discrepancy. *See* BOP FCI

Jesup, https://www.bop.gov/locations/institutions/jes/ (last visited Oct. 27, 2021). These statistics indicate that the vaccination rate at FCI Jesup exceeds that of the general population in the state of Alabama.

Based on the foregoing, Defendant has not presented extraordinary and compelling reasons for his release.[1]

## B.   The balancing of the § 3553(a) factors

The § 3553(a) factors, considered in light of Defendant's "current circumstances" and "his circumstances at the time of his original sentencing," do not warrant early release. *United States v. Groover*, 844 F. App'x 185, 188 (11th Cir. 2021). These factors include the nature and circumstances of Defendant's offense, his history and characteristics, and the need "to reflect the seriousness of the offense,

---

[1] In his motion, counsel for Defendant states that Defendant "has completed his sentence on the drug offense and the first § 924(c) offense, and []is now serving time on the consecutive 30-year sentence." (Doc. # 110, at 4.) As to this 30-year mandatory consecutive sentence imposed on Defendant's conviction under 18 U.S.C. § 924(c)(1)(B)(ii), Defendant previously challenged this sentence as unduly harsh and draconian and sought dismissal of the underlying charge. (*See* Doc. # 103.) That motion was denied. (Doc. # 109.) It is appropriate to point out that, in his current motion, counsel for Defendant appropriately did not argue that the 30-year, mandatory consecutive sentence presents an extraordinary and compelling reason for compassionate release. The court lacked authority then, and it would lack authority today, to grant similar relief under § 3582(c)(1)(A)(i).

Defendant's sentence for possession of a destructive device during and in relation to a drug-tracking crime is not an extraordinary and compelling reason articulated in § 1B1.13's application notes 1(A) through 1(C), which address "medical, age, and family circumstances." *Bryant*, 996 F.3d at 1262. As the Eleventh Circuit held in *Bryant*, only the BOP Director can find "other reasons" for compassionate release under § 1B1.13's catch-all provision in application note 1(D). *See id.* at 1264 (citing § 1B1.13 cmt. n.1(D)). Because this basis—a 30-year, mandatory consecutive sentence—is not explicitly identified in § 1B1.13's application notes 1(A) through 1(C), *see id.* at 1265, this court lacks authority to examine whether it falls within the catch-all exception.

to promote respect for the law, . . . to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." § 3553(a)(1), (a)(2)(A)–(C).

To begin on a positive note concerning Defendant's recent history and characteristics, Defendant is to be commended for the steps he has taken to better himself. *See United States v. Etienne*, No. 21-10009, 2021 WL 2853149, at *2 (11th Cir. July 8, 2021) (observing that a defendant's "significant efforts to rehabilitate himself" relate to his "'history and characteristics'" (quoting § 3553(a)(1))). By all accounts, Defendant is a model inmate. He has completed the BOP's intensive Challenge Program, has had no disciplinary infractions for more than a decade, has earned his GED, has taken more than 360 hours of courses, has completed a 6,000-hour job training apprenticeship in industrial sewing machine repair, and has risen through the ranks working for UNICOR. Defendant's rehabilitative advances are impressive, and he is encouraged to continue these efforts.[2]

Even considering Defendant's "significant efforts to rehabilitate himself," *id.*, his past conduct still has present consequences. The nature and circumstances of Defendant's offenses were serious. His convictions involved the manufacture of

---

[2] As part of Defendant's history, the risk that COVID-19 poses to Defendant's health is another consideration. *See United States v. Rind*, 837 F. App'x 740, 744 (11th Cir. 2020) (observing that, under § 3553(a), the defendant's "medical conditions . . . are part of his history and characteristics"). However, as discussed in Part II.A., the medical care Defendant has received while incarcerated, the BOP's efforts to vaccinate its inmates and staff, and Defendant's own vaccination status mitigate the severity of harm that he faces from COVID-19.

methamphetamine in an underground bunker at Defendant's residence, and the use of firearms and "approximately thirty (30) sticks of bundled explosives with blasting cap attached" to protect his operation.  (Doc. # 19, at 2.)  At sentencing, the court highlighted the large quantities of methamphetamine that Defendant manufactured, "the booby traps, the wires strung between the trees, the guns, the dynamite that was present," as well as evidence that a child was at the residence.[3]  (Doc. # 87, at 11.) Defendant's criminal history also encompasses three convictions within a four-year period for driving under the influence, and a later conviction for domestic violence (third-degree harassment).  (Presentence Investigation Report, ¶¶ 31–34 (Doc. # 99).)

The sentencing court properly found that the nature and circumstances of Defendant's offenses and his history and characteristics rendered him a "danger to the public and to others," that the sentence represented an appropriate punishment, and that the sentence was "necessary to deter that type of criminal conduct," "to protect the public from further crimes, and to reflect the seriousness of the offense." (Doc. # 87, at 11.)  Having reviewed the pertinent parts of the record, including the sentencing transcript, this court finds that the nature and circumstances of Defendant's offenses, in combination with his history and characteristics to date, do

---

[3] The undersigned was not the sentencing judge.

not favor release.  *See* § 3553(a)(1).  Additionally, as to the other applicable § 3553(a) factors, Defendant's release at this juncture—with substantial time remaining on his sentence—would undercut the gravity of his offenses, diminish public respect for the law, negate the deterrent value of punishment, and weaken the value of a just punishment.  *See* § 3553(a)(2).  Based on consideration of all the circumstances, the balancing of the applicable § 3553(a) factors does not justify Defendant's release.

## C.   <u>Conclusion</u>

Defendant has not met his burden of demonstrating § 3582(c)(1)(A)'s conditions for obtaining a sentence reduction.  He has not demonstrated extraordinary and compelling reasons for compassionate release or that the § 3553(a) factors warrant release.  He, thus, is not entitled to release.

## III. ORDER

For the foregoing reasons, it is ORDERED that Defendant's motion for compassionate release (Doc. # 110) is DENIED.

DONE this 28th day of October, 2021.

_____
/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
